COLLAZO, PLAINTIFF AND APPELLANT, v. HILL, ACTING TREAS-
URER OF PORTO RICO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action
to Recover Taxes Paid Under Protest.

No. 1607.—Decided May 12, 1917.

INHERITANCE TAX—REPUDIATION OF INHERITANCE—LIEN.—The repudiation of an
inheritance by the heir in no way affects the payment of the inheritance tax;
for, pursuant to sections 368 and 376 of the Political Code, the taxes are a
lien on the property until paid.

ID.—ADMINISTRATOR.—Pursuant to sections 376 and 377 of the Political Code, the
administrator of the estate of the decedent is liable for the payment of the
inheritance tax.

ID.—EQUITY.—Courts will not lend their aid to complaints where the complainant
does not come into court with clean hands.

The facts are stated in the opinion.

*Mr. José S. Rodríguez* for the appellant.

*Messrs. José E. Figueras,* District Attorney, and *Salva-
dor Mestre, Fiscal* of the Supreme Court, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a proceeding to recover an inheritance tax of $84
and interest, paid under protest. Section 368 of the Political
Code provides:

"All real property within Porto Rico and any interest therein,
whether belonging to inhabitants of Porto Rico or not, and all per-
sonal property belonging to inhabitants of Porto Rico which shall
pass by will, by intestacy, by inheritance or by any grant whatsoever,
made or intended to take effect in possession or enjoyment after the
death of the grantor, to any person, association, institution or cor-
poration, in trust or otherwise, other than to or for the use of his
wife, child, grandchild or person legally recognized as an adopted
child of the decedent, shall be subject to a tax as hereinafter pro-
vided; *Provided,* That no tax shall be collected upon the property
passing to any one heir, legatee, devisee or grantee when the same
shall be valued at two hundred dollars or less; *And provided, further,*
That when the value of such property exceeds two hundred dollars,
the said two hundred dollars shall be deducted in estimating the taxes
thereon."

Appellant maintains that he is not responsible for the tax, as he repudiated the inheritance in question.

Juan Collazo Bracero was the natural acknowledged son of Antonio Collazo, the appellant. The said Collazo Bracero died on the 20th of October, 1913, and was the owner of a piece of property in Lares, ward of Buenos Aires. A creditor brought suit against the succession of Juan Collazo Bracero for the sum of $350 and after judgment bought the same from the marshal for the said sum of $350. The said creditor sold it to Guillermo García Susoni for the sum of $500 and the latter sold it to Antonio Collazo, the complainant and appellant in this case, for the sum of $2,500, who paid the taxes under protest.

The alleged repudiation of the inheritance made no difference for section 376 of the Political Code provides:

"All taxes imposed under Chapter III of this Title shall be paid into the Treasury of Porto Rico by the administrators, executors, trustees or other persons administering upon the estate charged with said taxes; and all such administrators, executors, trustees or persons shall be liable for such taxes, with interest as hereinafter provided, until the same shall have been paid. Such taxes shall become due and payable immediately upon the death of the decedent, and shall at once become a lien upon the estate of the decedent and shall remain a lien until paid. If said taxes are not paid within ten days from the presentation of the tax bill, the Treasurer shall require of said executor, administrator or trustee, bond in twice the amount of said taxes due and unpaid conditioned upon the full and complete payment of said taxes in the manner and within the term herein provided, and the Treasurer is authorized to attach the property of said decedent subject to the tax until such bond shall have been given. If said taxes are not paid within one year of the death of said decedent, interest at the rate of ten per centum shall be charged and collected thereon, and if said taxes are not paid at the expiration of eighteen months after the death of said decedent, it shall be the duty of the district attorney of the district wherein said taxes remain unpaid to institute the necessary proceedings to collect the same after being duly notified by the Treasurer of the non-payment of such taxes."

Under these two sections cited there is a lien on the property of a person for the payment of an inheritance tax if there is any inheritance. There was presumptively such an inheritance as there is not the slightest attempt in this case to show that the sum of $84 was not the proper amount of taxes for the value of the land which would then be worth more than the $2,500 paid to García Susoni by the appellant.

Guillermo García Susoni, who appears in the certificate of the registry of property as buying the property from the creditor and selling it to appellant, was the administrator of the estate of Juan Collazo Bracero. By sections 376 and 377 of the Political Code he is made responsible for the payment of the inheritance tax. He apparently received twenty-five hundred dollars for the property from the appellant, which, as he was the administrator and must be held to be receiving it for the estate, was payable to the heirs even if the appellant was not the heir. There is always someone who is the heir of a person with property and, if there is no other, The People of Porto Rico is the heir.

Hence it is unnecessary to insist, as does the appellee, that the appellant was the heir and did not properly repudiate the inheritance. Formally, we think he did repudiate the inheritance by a public deed. On the other hand it appears that the suit for $350 was begun against the succession of his son of which he was the component and it does not appear that he refused to accept the service.

Indeed, we agree with the Government that the proceedings look like a stratagem to avoid the payment of the tax. The land was evidently worth a great deal more than it was sold for to the alleged creditor and it promptly came into the possession of the appellant who was the natural heir. This is an additional reason for affirming the judgment, as courts will not lend their aid to complaints of this kind where the complainant does not come into court with clean hands.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.